Jeffrey Alan Rische, Pro Se
Plaintiff
1629 Swordfern Lane
Camano Island, WA 98282
Telephone: 206 898 5684
e-mail: jeff.rische@lightspeeddesign.com

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| Jeffrey Alan Rische, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | **VERIFIED COMPLAINT FOR** |
| United States, | ) | **REFUND AND FOR DECLARATORY** |
| | ) | **RELIEF** |
| Defendant. | ) | |
| | ) | **Jury Trial Demanded** |

## I.   JURISDICTION AND VENUE

1.      This is a civil action against Defendant UNITED STATES for a refund of civil penalties taken from Plaintiff JEFFREY ALAN RISCHE and for declaratory relief. Therefore, this Court has general jurisdiction to hear this case pursuant to 28 U.S.C. § 1491, and original jurisdiction, concurrent with the U.S. Court of Federal Claims, under 28 U.S.C. § 1346(a)(1).

2.      Venue is properly within this Court pursuant to 28 U.S.C. § 1491(a)(1), and this venue is appropriate, fair, and convenient for Defendant.

3.      As required by 26 U.S.C. § 7422, Plaintiff has pursued and exhausted all administrative remedies known to him prior to the filing of this action in Court, in the following ways:

a.    For the years 2009 through 2013, 2015, 2016, and 2017, under Treas. Reg. § 301.6402-3(a)(5), Plaintiff filed formal administrative claims for refund of his tax overpayments on, and concurrently with, his federal income tax returns.

b.    As alleged in detail below, Defendant has ignored or denied Plaintiff's multiple requests for collection due process ("CDP") hearings on the issue of his denial of liability for the civil penalties for all tax years at issue, and thus Plaintiff had no opportunity to litigate the penalty liability issue prior to collection.

c.    On April 5, 2018, besides the claims for refund incorporated in his returns themselves, Plaintiff filed a further administrative claim for refund of the civil penalties collected for tax years 2009 through 2012 and 2015 from his overpayment for 2015 tax year and by garnishment of his pay.

d.    On May 1, 2018, Plaintiff sent to Defendant a letter requesting expedited response to Plaintiff's April 5, 2018 letter. In that letter, Plaintiff notified Defendant of ongoing harm to him from a continuing garnishment of his pay and increased his claim for refund of civil penalties collected for 2009-2012 and 2015 by $4,346.79.

e.    Defendant sent to Petitioner by U.S. Mail a letter dated May 7, 2018 denying Plaintiff's administrative claims for refund. That May 7, 2018 letter was not a § 6532(a)(1) notice of disallowance because it was not sent by U.S. Certified or Registered Mail, and thus it presents no bar or restriction on the timing of the filing of a refund action.

2

f. All penalties at issue not only have been paid in full, as required by *Flora v. United States,* 357 U.S. 63 (1958), aff'd on reh. 362 US 145 (1960), but have been overpaid.

## II. THE PARTIES

4. Plaintiff Jeffrey Alan Rische is a married man, currently living in the state of Washington. Plaintiff's filing status in the tax years 2009 through 2013 was "single," and for tax years 2015 through 2017 was "married filing separately."

5. Defendant United States, upon information and belief, is a federal corporate entity representing the government of the United States of America and sued herein pursuant to IRC § 7422(f)(1).

## III. STATEMENT OF FACTS

6. Plaintiff timely filed his IRS Form 1040X amended federal income tax returns for tax years 2009, 2010, and 2011, and IRS Form 1040EZ for tax years 2012, 2013, 2015, 2016, and 2017.

7. Defendant charged Plaintiff for civil penalties under IRC § 6702(a) for the years listed in the chart below:

| Year | Civ Penalty Amount | Date Charged |
|------|--------------------|--------------| 
| 2009 | $5,000 | 8/12/2013 |
| 2010 | $5,000 | 8/12/2013 |
| 2011 | $5,000 | 7/22/2013 |
| 2011 | $5,000 | 8/12/2013 |
| 2012 | $5,000 | 3/24/2014 |
| 2013 | $5,000 | 10/01/2018 |
| 2015 | $5,000 | 8/8/2016 |
| 2015 | $5,000 | 11/12/2018 |
| 2016 | $5,000 | 10/22/2018 |

8.      For two tax years, 2011 and 2015, Defendant double-charged Plaintiff.

9.      Defendant also charged Plaintiff an IRC § 6702(a) civil penalty for the closed year of 2013, 18 months after the expiration of the statute of limitations on assessment at IRC § 6501(a).

10.     Defendant mailed to Plaintiff an IRS Notice CP15 dated August 12, 2013, notifying Plaintiff that he had been charged an IRC § 6702(a) civil penalty in the amount of $5,000 for tax year 2009.  The notice indicated that the penalty was imposed for the purported violation of IRC § 6702(a) but misrepresented the language of the cited law.

11.     Defendant mailed to Plaintiff an IRS Notice CP15 dated August 12, 2013, notifying Plaintiff that he had been charged an IRC § 6702(a) civil penalty in the amount of $5,000 for tax year 2010.  The notice indicated that the penalty was imposed for the purported violation of IRC § 6702(a) but misrepresented the language of the cited law.

12.     Defendant mailed to Plaintiff an IRS Notice CP15 dated July 22, 2013, notifying Plaintiff that he had been charged an IRC § 6702(a) civil penalty in the amount of $5,000 for tax year 2011.  The notice indicated that the penalty was imposed for the purported violation of IRC § 6702(a) but misrepresented the language of the cited law.

13.     Defendant mailed to Plaintiff an IRS Notice CP15 dated August 12, 2013, notifying Plaintiff that he had been charged another IRC § 6702(a) civil penalty in the amount of $5,000 for tax year 2011.  The notice indicated that the penalty was imposed for the purported violation of IRC § 6702(a) but misrepresented the language of the cited law.

14.     Defendant mailed to Plaintiff an IRS Notice CP15 dated March 24, 2014, notifying Plaintiff that he had been charged an IRC § 6702(a) civil penalty in the amount

of $5,000 for tax year 2012. The notice indicated that the penalty was imposed for the purported violation of IRC § 6702(a) but misrepresented the language of the cited law.

15.     Defendant mailed to Plaintiff an IRS Notice CP15 dated October 1, 2018, notifying Plaintiff that he had been charged an IRC § 6702(a) civil penalty in the amount of $5,000 for tax year 2013.  The notice indicated that the penalty was imposed for the purported violation of IRC § 6702(a) but misrepresented the language of the cited law.

16.     Defendant mailed to Plaintiff an IRS Notice CP15 dated August 8, 2016, notifying Plaintiff that he had been charged an IRC § 6702(a) civil penalty in the amount of $5,000 for tax year 2015. The notice indicated that the penalty was imposed for the purported violation of IRC § 6702(a) but misrepresented the language of the cited law.

17.     Defendant mailed to Plaintiff an IRS Notice CP15 dated November 12, 2018, notifying Plaintiff that he had been charged another IRC § 6702(a) civil penalty in the amount of $5,000 for tax year 2015. The notice indicated that the penalty was imposed for the purported violation of IRC § 6702(a) but misrepresented the language of the cited law.

18.     Defendant mailed to Plaintiff an IRS Notice CP15 dated October 22, 2018, notifying Plaintiff that he had been charged an IRC § 6702(a) civil penalty in the amount of $5,000 for tax year 2016.  The notice indicated that the penalty was imposed for the purported violation of IRC § 6702(a) but misrepresented the language of the cited law.

19.     Defendant mailed to Plaintiff an IRS Notice CP16 dated September 12, 2016, notifying Plaintiff that $23,596.00 from Plaintiff's 2015 overpayment had been credited to Plaintiff's tax accounts for the following tax years in payment of the asserted penalties, as follows:

| Tax Year | Date Credited | Civil Penalty Amount Credited |
|----------|---------------|-------------------------------|
| 2009 | 9/12/2016 | $5,420.14 (paid in full) |
| 2010 | 9/12/2016 | $5,420.14 (paid in full) |
| 2011 | 9/12/2016 | $10,849.65 (paid in full) |
| 2012 | 9/12/2016 | $1,906.07 (partial payment) |
| TOTAL | | $23,596.00 |

20.     Five months after Defendant already had collected the civil penalties as shown above, Defendant mailed to Plaintiff a Final Notice of Intent to Levy dated February 3, 2017 ("**February 3, 2017 FNIL**") for civil penalties for 2009, 2010, 2011, 2012, and 2015 in the amount of $33,104.49.  Thus, at the time that this FNIL was sent, Defendant had not stopped charging interest on Plaintiff's accounts for the penalties that it already had collected, and indicated to Plaintiff its intention to collect the full amount of the penalties, regardless of the fact that most of them already had been satisfied in full.

21.     On March 4, 2017, via Certified U.S. Mail, Plaintiff mailed to Defendant a request for a due process ("RDP") hearing on collection, addressed to Defendant's office in Tacoma, WA ("**March 4, 2017 RDP**"). Plaintiff's March 4, 2017 RDP was based solely on a denial of the liability for, amount of, and the appropriateness of collection of, the civil penalties as proposed on the February 3, 2017 FNIL.

22.     In violation of IRC § 6330(e)(1), Defendant failed to suspend collection after the March 4, 2017 RDP.

23.     On March 7, 2017, Defendant recorded in King County, Washington, a Federal Tax Lien against Plaintiff claiming liability for civil penalties for 2009-2012 and 2015 in the amount of $31,689.93 ("**March 7, 2017 Lien**").

24.     On April 7, 2017, via Certified U.S. Mail, Plaintiff mailed to Defendant a request for due process hearing on the issue of the March 7, 2017 Lien, addressed to the

6

Defendant's office in Tacoma, WA ("**April 7, 2017 RDP**"). Plaintiff's request was based on a denial of liability for the amounts claimed on the March 7, 2017 Lien and for improper lien filing.

25.     Defendant mailed to Plaintiff a letter dated March 8, 2017, in which it stated that Plaintiff's RDP had been received and would be forwarded to the IRS Office of Appeals.

26.     In violation of IRC § 6330(e)(1), Defendant failed to suspend collection after the April 7, 2017 RDP.

27.     IRS Appeals Officer Mr. Steve Lerner ("AO Lerner") mailed a letter dated August 7, 2017, to Plaintiff advising Plaintiff that his timely request for a due process hearing was frivolous and should either be amended or withdrawn. AO Lerner's letter did not specify what in Plaintiff's RDP was frivolous.

28.     Plaintiff's April 7, 2017 RDP was not frivolous.

29.     On August 12, 2017, Plaintiff sent a letter via Certified U.S. Mail, asking AO Lerner to identify what portion of Plaintiff's RDP Plaintiff was required to amend or to withdraw.

30.     AO Lerner did not respond to Plaintiff's August 12, 2017 letter.

31.     In violation of IRC § 6330(b)(1) and Treasury Regulation 26 CFR § 301.6330-1(b)(1), AO Lerner mailed to Plaintiff a letter dated October 18, 2017, in which AO Lerner denied Plaintiff's request for a due process hearing and notified Plaintiff that collection of amounts allegedly owed would proceed as if Plaintiff's hearing request never had been submitted.

32.     In violation of IRC § 6330(b)(1) and Treasury Regulation 26 CFR § 301.6330-1(f)(1), Defendant failed to mail to Plaintiff by Certified Mail a notice of determination.

33.     In violation of IRC § 6330(b)(1) and Treasury Regulation 26 CFR § 301.6330-1(f)(1), Defendant failed to advise Plaintiff of his right to seek judicial review in Tax Court of its determination.

34.     In violation of IRC § 6330(b)(1) and Treasury Regulation 26 CFR § 301.6330-1(f)(1), Defendant failed to advise Plaintiff of his right to seek judicial review in Tax Court of any levy of Plaintiff's property.

35.     After this denial of due process, Defendant sent to Petitioner, and to his place of work ("Lightspeed"), a "Notice of Levy on Wages, Salary and other Income" dated January 17, 2018 ("**January 17, 2018 Levy**"), demanding payment of $34,387.54.

36.     The amount demanded in the January 17, 2018 Levy includes the $23,596.00 already collected from Plaintiff's 2015 overpayment in full satisfaction of the 2009, 2010, 2011 penalties and in partial payment of the 2012 penalty.

37.     On January 31, 2018, Lightspeed began monthly garnishment ("2018 Garnishment") of Plaintiff's pay and paid over the garnished amounts of $4,346.79 per month to Defendant.

38.     The 2018 Garnishment of Plaintiff's pay continued month to month until and including June 30, 2018. The total amount collected from the 2018 Garnishment was $26,080.74.[1]

---

[1] On July 9, 2018, in an IRS Notice CP 49, Respondent notified Plaintiff that it had collected the asserted "balance" of the amount of this levy from Plaintiff's 2017 overpayment. The CP49 advised Plaintiff that $12,870.30 from Plaintiff's 2017

39.     On June 27, 2018, Defendant released the March 7, 2017 Lien in the amount of $31,689.93 because the liability claimed thereon had been paid in full.

40.     On November 15, 2018, Defendant sent to Plaintiff a Final Notice of Intent to Levy civil penalties for 2013 and 2016 ("**November 15, 2018 FNIL**") in the amount of $10,061.15.

41.     On November 16, 2018, Defendant recorded in King County, Washington, a Federal Tax Lien against Plaintiff claiming liability in the amount of $17,525.12 for civil penalties ("**November 16, 2018 Lien**").

   a.     The November 16, 2018 Lien includes a claim of liability for civil penalties in the amount of $1,755.57 for 2009 and $5,769.55 for 2012 that already had been paid in full as of September 12, 2016 and June 30, 2018, respectively.

   b.     The November 16, 2018 Lien also included a claim of liability for civil penalties in the amount of $5,000 for tax year 2013 and $5,000 for tax year 2016.

42.     On December 10, 2018, via Certified U.S. Mail, Plaintiff mailed to Defendant a request for a due process hearing ("**December 10, 2018 RDP**") on the issue of the November 15, 2018 FNIL and the November 16, 2018 Lien, addressed to the

---

overpayment had been credited to Plaintiff's tax accounts for the following tax years in further collection of the already-collected civil penalties, as follows:

| Tax Year | Date Credited | Civil Penalty Amount Credited |
|----------|---------------|-------------------------------|
| 2009 | 7/09/2018 | $1,753.41 |
| 2012 | 7/09/2018 | $5,766.35 |
| 2015 | 7/09/2018 | $5,350.54 |

Plaintiff filed an administrative claim for refund on August 5, 2019 of that amount, among other claims (including the amount taken from Plaintiff's 2017 overpayment in collection of the asserted balance of 2012 and the first penalty for 2015), and must wait until February 5, 2020 to file suit for refund of those amounts, per IRC § 6532(a)(1).

Defendant's office in Tacoma, WA. Included with the December 10, 2018 RDP were copies of the November 15, 2018 FNIL and the November 16, 2018 Lien.

43.     On December 14, 2018, IRS Revenue Officer Steven Baker telephoned Plaintiff to request that he send an amended version of the December 10, 2018 request indicating the years to which the request for due process referred (despite the fact that the relevant years were obvious on the face of the attached lien and levy notices). That day, Plaintiff faxed to Defendant a modified version of his prior request for due process hearing, addressed to Defendant's office in Tacoma, WA ("**December 14, 2018 RDP**").

44.     Plaintiff's December 10, 2018 RDP and December 14, 2018 RDP were based on a denial of liability for, the amount of, and the appropriateness of collection of, the civil penalties as proposed on the November 15, 2018 FNIL, and a denial of liability for the amounts claimed on the November 16, 2018 Lien and for improper lien filing.

45.     In violation of IRC § 6330(e)(1), Defendant failed to suspend collection after the December 10, 2018 RDP.

46.     On December 11, 2018, the Defendant sent a "Notice of Levy on Wages, Salary and other Income" ("**December 11, 2018 Levy**") to Plaintiff, and to Lightspeed, demanding payment of $7,779.28 for civil penalties for 2009 and 2012.

     a.     By December 11, 2018, the civil penalty asserted against Plaintiff's 2009 return already had been paid in full *twice* (on September 12, 2016, and by February 28, 2018).

     b.     Also, by this date, the civil penalty asserted against Plaintiff's 2012 return already had been *overpaid* as of July 9, 2018.

10

47.     On December 17, 2018, Plaintiff sent a letter to Officer Baker reiterating his denial of liability for all penalties and his concern that the IRS was double- and triple-collecting penalties for 2009, 2012 and 2015.

48.     On December 18, 2018, in a letter from Officer Baker, Defendant advised Plaintiff that Plaintiff would receive a CDP hearing in which he could raise all of his collection due process issues.

49.     On December 31, 2018, Lightspeed renewed monthly garnishment of Plaintiff's pay (including Plaintiff's Christmas paycheck and bonus) and paid over the garnished amount of $7,779.28 to Defendant over a period of two months, ending January 31, 2019 ("**2019 Garnishment**").

50.     The sum of this $7,779.28 from the 2019 Garnishment[2] and the $26,080.74 from the 2018 Garnishment is $33,860.02.

51.     On February 5, 2019, Defendant recorded in King County, Washington, another Federal Tax Lien in the amount of $10,507.44 for civil penalties for 2015 ("**February 5, 2019 Lien**"). Even if it were lawful for Defendant to double charge IRC § 6702(a) penalties (and it is not), or to impose any such penalties against correspondence or photocopies of returns (and it is not), the first of the two penalties charged for 2015 was paid in full on July 9, 2018, and the second of the two penalties charged for 2015 was paid on April 1, 2019 as alleged below.

52.     On April 15, 2019, Plaintiff sent via Certified U.S. Mail a request for a due process hearing to the Defendant's office in Tacoma, WA on the issue of the February 5, 2019 Lien ("**April 15, 2019 RDP**"). Plaintiff's April 15, 2019 RDP was

---

[2] This amount is demanded in Plaintiff's administrative claim filed on August 26, 2019.

based on a denial of liability for the amounts claimed on the February 5, 2019 Lien and for improper lien filing.

53.     On March 20, 2019, Defendant released the November 16, 2018 Lien in the amount of $17,525.12 because the liability claimed thereon had been paid in full.

54.     The February 5, 2019 Lien remains in the public records of King County, Washington.

55.     On April 1, 2019, Defendant sent to Plaintiff an IRS Notice CP49 advising Plaintiff that it had increased the amount of Plaintiff's 2015 overpayment to $25,216.00, and had added $623.61 in interest, and then credited $20,554.32 of Plaintiff's overpayment to Plaintiff's accounts in collection of civil penalties as shown below:

| Tax Year | Date Credited | Civil Penalty Amount Credited |
|----------|---------------|-------------------------------|
| 2012 | 4/01/2019 | $203.78 |
| 2013 | 4/01/2019 | $5,000.00 |
| 2015 | 4/01/2019 | $10,350.54 |
| 2016 | 4/01/2019 | $5,000 |

But see paragraph 19, above, alleging that Defendant already had taken the full amount of the 2015 overpayment in collection of penalties for 2009-2012.

56.     On August 30, 2019, after all the penalties had been collected in full (and over-collected), Defendant finally sent to Plaintiff a letter purporting to grant plaintiff a CDP hearing for the November 16, 2018 and February 5, 2019 Liens. Plaintiff and the IRS Office of Appeals agreed to September 27, 2019 as the date by which Plaintiff would submit documentation supporting his challenges to liability and to the appropriateness of the liens.

57.     On September 27, 2019, Mr. Rische submitted his documentation to Defendant, again denying liability for all amounts allegedly owed and taken, as herein alleged.

58.     On December 4, 2019, Defendant issued two Notices of Determination sustaining all civil penalties.

59.     Defendant has assessed $45,000.00 in civil penalties under IRC § 6702(a) against Plaintiff for tax years 2009 through 2013, 2015 and 2016, not including interest.

60.     Under color of law, Defendant unlawfully collected approximately $91,000.00 from Plaintiff's 2015 and 2017 overpayments and the two garnishments of Plaintiff's pay.

61.     As shown in the chart below, Plaintiff requested due process hearings prior to collection of the penalties for each tax year at issue at every lawful opportunity, *i.e.,* whenever Defendant sent to Plaintiff a Notice of Filing of Federal Tax Lien or a Final Notice of Intent to Levy.

| Date of RDP | Issue |
|---|---|
| 03/04/2017 | Final Notice of Intent to Levy |
| 04/07/2017 | Federal Tax Lien |
| 12/10/2018 | Federal Tax Lien |
| 12/14/2018 | Federal Tax Lien |
| 03/01/2019 | Final Notice of Intent to Levy |
| 04/15/2019 | Federal Tax Lien |

62.     In violation of Plaintiff's right to be free of deprivation of property without due process of law, Defendant never granted to Plaintiff a CDP hearing nor provided to Plaintiff any opportunity to contest liability for any of the civil penalties allegedly owed prior to collection.

63.     In violation of Plaintiff's right to be free from excessive fines, Defendant collected civil penalties in a wanton, arbitrary and excessive manner, resulting in multiple payment of all of the assessments and usurious interest.

64.     As to Plaintiff's March 4, 2017 RDP and April 7, 2017 RDP, Defendant's Office of Appeals never sent any statutorily-required notice of determination advising Plaintiff of his 30-day right to seek judicial review of any determination of the IRS Office of Appeals in the United States Tax Court.

65.     As to each and every tax year, Plaintiff denies liability for the civil penalties imposed.

66.     As to each and every penalty imposed by Defendant, Defendant failed to follow statutory and regulatory requirements. Assessments against Plaintiff without such compliance did not give rise to a debt to Defendant.

67.     Defendant has not executed a return for Plaintiff under § 6020(b) for any tax year.

## IV.     CLAIMS FOR RELIEF

### COUNT 1

### (Refund of Overpayment for 2015)

68.     Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

69.     On April 15, 2016, Plaintiff filed his federal income tax return, Form 1040EZ, for tax year 2015 with the IRS Service Center in Fresno, California ("2015 Return").

70.     The 2015 return shows an overpayment of $32,281.

14

71.     The 2015 return requested that the overpayment be refunded to Plaintiff.

72.     The 2015 return was processed on or about September 12, 2016.

73.     Defendant calculated the tax, determined an error in the amount of withholding, adjusted the overpayment due to Plaintiff, and notified Plaintiff that the adjusted overpayment was credited to Plaintiff's account for tax years 2009, 2010, 2011, and 2012. The resulting overpayment was $23,596.00 ("2015 Overpayment").

74.     Defendant wrongly credited the 2015 Overpayment to penalties for which Plaintiff is not liable.

75.     The 2015 Overpayment was not lawfully "offset" or "set off" against an established tax liability.

76.     Defendant is required to refund the 2015 Overpayment pursuant to IRC § 6402(a).

77.     To date, Defendant has failed to refund the 2015 Overpayment.

78.     Defendant's continued failure to refund the 2015 Overpayment of $23,596.00 is a wrongful exaction/retention of Plaintiff's property.

<u>**COUNT 2**</u>

**(Refund of Amounts Unlawfully Levied – 2018 Garnishment)**

79.     Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

80.     The January 17, 2018 Levy and the 2018 Garnishment were unlawful because:

a.     Plaintiff did not owe any amount for civil penalties under IRC § 6702(a) for any of the tax years at issue;

b.      Plaintiff already had paid, in full, the asserted penalties for 2009, 2010 and 2011, and had partially paid the asserted penalties for 2012, so the January 17, 2018 Levy was wrongful, and the 2018 Garnishment was an unlawful double-collection, which unjustly deprived Plaintiff and unjustly enriched Defendant;

c.      Defendant denied Plaintiff his right to due process of law with respect to the January 17, 2018 Levy and the 2018 Garnishment and with respect to the liability for, and collectability of, the amounts collected.

d.      The amounts collected were unlawfully excessive in violation of Plaintiff's Constitutional rights.

81.     Defendant owes Plaintiff the full amount of $26,080.74 garnished from his pay from January 1, 2018 through June 30, 2018.

82.     Defendant has not repaid to Plaintiff any portion of the garnished amount.

## COUNT 3

### (Refund of Overpayment for 2017)

83.     Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

84.     On April 15, 2018, Plaintiff filed his federal income tax return, Form 1040EZ, for tax year 2017 with the IRS Service Center in Fresno, California.

85.     The 2017 return showed an overpayment of $31,348.00 ("2017 Overpayment").

86.     The 2017 return requested that the 2017 Overpayment be refunded to Plaintiff.

87.     The 2017 return was processed on or about July 9, 2018.

88.     Defendant notified Plaintiff that Plaintiff had an overpayment for 2017 of $31,348.00 and interest of $170.36, of which $12,870.30 was credited to his tax accounts for 2009, 2012 and 2015, and that the balance of $18,648.06 would be refunded to him.

89.     Defendant wrongly credited the 2017 Overpayment to penalties for which Plaintiff is not liable.

90.     The 2017 Overpayment was not lawfully "offset" or "set off" against an established tax liability.

91.     Defendant is required to refund the 2017 Overpayment pursuant to IRC § 6402(a).

92.     To date, Defendant has failed to refund any portion of the 2017 Overpayment.

93.     Defendant's continued failure to refund the 2017 Overpayment of $31,348.00 plus interest is a wrongful exaction/retention of Plaintiff's property.

## COUNT 4

### (Refund of Amounts Unlawfully Levied – 2019 Garnishment)

94.     Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

95.     The December 11, 2018 Levy and the 2019 Garnishment were unlawful because:

> a.      Plaintiff did not owe any amount for civil penalties under IRC § 6702(a);

b.      Plaintiff already had paid in full the asserted penalties for 2009 and 2012, so the December 11, 2018 Levy was wrongful, and the 2019 Garnishment was an unlawful double-collection, which unjustly deprived Plaintiff and unjustly enriched Defendant;

c.      Defendant denied Plaintiff his right to due process of law with respect to the December 11, 2018 Levy and the 2019 Garnishment and with respect to the liability for, and collectability of, the amounts collected.

96.     Defendant owes Plaintiff the full amount of $7,779.28 garnished from his pay from December 1, 2018 through January 31, 2019.

97.     The amounts collected were unlawfully excessive in violation of Plaintiff's Constitutional rights.

98.     Defendant has not repaid to Plaintiff any portion of the garnished amount.

**COUNT 5**

**(Declaratory Relief)**

99.     Plaintiff incorporates and realleges the foregoing allegations as if fully set forth herein.

100.    Plaintiff seeks a declaration of this Court that Plaintiff has a right to due process of law and that Defendant's denial to Plaintiff of his right to due process of law with respect to the liability for, and collection of, the penalties at issue was a statutory and Constitutional violation. IRC § 6330(b)(1); U.S. Constitution, Amendment V.

101.    Plaintiff seeks a declaration of this Court (a) that Plaintiff has a right to be free from excessive government fines, (b) that the penalties imposed against him were excessive, and (c) that Defendant's repeated, unwarranted and excessive collection of the

same civil penalties was a statutory and Constitutional violation.  IRC § 6702(a) (among others); U.S. Constitution, Amendment VIII.

102.    Plaintiff seeks a declaration of this Court that Plaintiff had a right, after non-frivolous requests, to § 6330(b)(1) collection due process hearings and determinations with the attendant right to petition to the U.S. Tax Court, and to a suspension of collection action pursuant to § 6330(e)(1), and that Defendant unjustly deprived him of this right.

103.    Because of Defendant's failure to comply with the law, particularly of IRC § 6330(e)(1), Plaintiff's request for declaratory relief of this kind is not barred by the Declaratory Judgment Act, 28 U.S.C. § 2201(a).  *Laing v. United States*, 423 U.S. 161, 169, 184-185 and fn. 27 (1976); *Perlowin v. Sassi,* 711 F. 2d 910, 911 (CA9 1983) ("The Declaratory Judgment Act is coextensive with the Anti-Injunction Act despite the broader language of the former.… If suit is allowed under the Anti-Injunction Act, it is not barred by the Declaratory Judgment Act.") (citation omitted).

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendant as follows:

a.    As to Count One, that Defendant will refund to Plaintiff the amount of $23,596.00 plus lawful interest.

b.    As to Count Two, that Defendant will refund to Plaintiff the amount of $26,080.74 plus lawful interest.

c.    As to Count Three, that Defendant will refund to plaintiff the amount of $31,348.00 plus lawful interest.

d.　　As to Count Four, that Defendant will refund to plaintiff the amount of $7,779.28 plus lawful interest.

104.　　As to Count Five, that this Court declare:

a.　Plaintiff has a right to due process of law and Defendant's denial to Plaintiff of his right to due process of law with respect to the liability for, and collection of, the penalties at issue was a statutory and Constitutional violation. IRC § 6330(b)(1); U.S. Constitution, Amendment V.

b.　Plaintiff has a right to be free from excessive government fines, the penalties imposed against him were excessive, and Defendant's repeated, unwarranted and excessive collection of the same civil penalties was a statutory and Constitutional violation. IRC § 6702(a) (among others); U.S. Constitution, Amendment VIII.

c.　Plaintiff had a right, after his non-frivolous requests, to § 6330(b)(1) collection due process hearings and determinations with the attendant right to petition to the U.S. Tax Court, and to a suspension of collection action pursuant to § 6330(e)(1), but Defendant unjustly deprived him of this right.

f.　　For interest as allowed by law.

g.　　For such other and further relief as may be permitted by law and as this Court may deem just and proper.

## VI.　JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

Dated:  January 8, 2020.

_____

Jeffrey Alan Rische, Plaintiff *pro se*

**VERIFICATION**

I, Jeffrey Alan Rische, am the Plaintiff in the above-entitled action.  I have written and prepared the foregoing Complaint and know the contents thereof.  The same is true of my own knowledge in substance and in fact, except as to those matters which are herein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed at Camano Island, Washington.

DATED: January 8, 2020.

_____

Jeffrey Alan Rische, Plaintiff *pro se*