1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY ALAN RISCHE,

                Plaintiff,

    v.

UNITED STATES OF AMERICA,

                Defendant.

CASE NO. 2:20-cv-00033-BAT

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**

In its Rule 12(b)(1) partial motion to dismiss based on lack of jurisdiction, Defendant United States of America ("United States") seeks dismissal of several claims brought by Plaintiff Jeffrey Alan Rische. Dkt. 14. Plaintiff opposes the motion. Dkt. 15.

Plaintiff's claims are based on IRS § 6702 penalty assessments for Plaintiff's tax submissions from 2009-2012 and claimed refunds for the 2015 and 2017 tax years. Plaintiff requests: 1) a refund of 2015 income tax, 2) a refund of $26,080.74 in IRS garnishments from January to June 2018; 3) a refund of 2017 income tax, 4) a refund of $7,779.28 in IRS garnishments from January and February of 2019, and 5) declaratory judgment that the United States violated his First and Eighth Amendment rights by denying him due process in collection procedures and in assessing excessive penalties. Dkt. 1. Based on Plaintiff's response (Dkt. 15), the United States concedes that the Court has jurisdiction over the 2009-2011 civil penalty

ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 1

1    refund claims and the 2017 income tax refund claim. Dkt. 17, p. 12.

2        The Court reviews whether the following claims should be dismissed for lack of

3    jurisdiction: (1) 2015 income tax refund claim; (2) refund claim for § 6702 penalties for 2012,

4    2013, 2015, and 2016; and (3) declaratory relief claim.

5        For the reasons set forth herein, the motion to dismiss is granted as the Court lacks

6    jurisdiction over these claims.

7                              STANDARDS OF REVIEW

8    A.      Rule 12(b)(1) Motion

9        Under Rule 12(b)(1), the Court must dismiss a claim over which it lacks subject matter

10   jurisdiction. Federal courts have limited subject matter jurisdiction. *Kokkonen v. Guardian Life*

11   *Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court presumes a civil action lies outside its

12   limited jurisdiction and the burden to prove otherwise rests on the party asserting jurisdiction

13   exists. *Id*. An attack on subject matter jurisdiction may be either facial or factual. *Edison v.*

14   *United States*, 822 F.3d 510, 517 (9th Cir. 2016). "In a facial attack, the challenger asserts that

15   the allegations contained in a complaint are insufficient on their face to invoke federal

16   jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations

17   that, by themselves, would otherwise invoke federal jurisdiction." *Id*. (quoting *Safe Air for*

18   *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

19       The United States mounts a factual attack by filing declarations and exhibits challenging

20   Plaintiff's allegations. A moving party converts a Rule 12(b)(1) motion into a factual motion "by

21   presenting affidavits or other evidence properly brought before the court." *Wolfe v. Strankman*,

22   392 F.3d 358, 362 (9th Cir. 2004) (quoting *Safe Air*, 373 F.3d at 1039)).

23

ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 2

1    In response to a factual attack, the plaintiff "must present 'affidavits or any other

2  evidence necessary to satisfy [his or her] burden of establishing that the court, in fact, possesses

3  subject matter jurisdiction.'" *Edison*, 822 F.3d at 517 (quoting *Colwell v. Dep't of Health &*

4  *Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009)). Plaintiff has filed a response, declaration,

5  and attached exhibits in opposing the motion to dismiss. Dkt. 15; 15-1 Declaration of Jeffrey

6  Alan Rische, Exhibits 1-14.

7    In resolving a factual attack, the Court may look beyond the complaint to the parties'

8  evidence without converting a Rule 12(b)(1) motion into a summary judgment motion. *Id*. And

9  in evaluating the evidence, the Court need not presume the truthfulness of the plaintiff's

10  allegations but must resolve any factual disputes in his or her favor. *Id*. However, the Court must

11  treat a Rule 12(b)(1) motion as a summary judgment motion if "the jurisdictional issue and

12  substantive issues are so intertwined that the question of jurisdiction is dependent on the

13  resolution of factual issues going to the merits of an action." *Safe Air*, 373 F.3d at 1039 (quoting

14  *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 139 (9th Cir. 1983)); *see also id*. at 1040;

15  *Bolton v. Lynch*, 200 F. Supp. 3d 1179, 1183 n.1 (E.D. Wash. 2016).

16  B.    Tax Refund Jurisdiction

17    The United States has waived its sovereign immunity for suits brought for the recovery of

18  taxes that have been erroneously collected. 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422. Section

19  7422 requires a party to have first brought an administrative claim for a refund with the IRS

20  before initiating a suit in district court for a refund of any amount erroneously or wrongfully

21  assessed or collected. 26 U.S.C. § 7422(a).

22    In addition to having first brought an administrative claim for a refund, a taxpayer must

23  fully pay the assessed tax before a court has jurisdiction over a refund claim. *See Flora v. United*

ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 3

1  *States*, 362 U.S. 145 (1960). This includes interest on the tax when a taxpayer is disputing the

2  interest. *Horkey v. United States*, 715 F.Supp. 259, 261 (D. Minn. 1989). A party who has not

3  fully paid the assessed tax or first brought an IRS administrative claim has not complied with the

4  explicit waiver of sovereign immunity, and a district court would lack jurisdiction over his tax

5  refund suit. *Flora*, 362 U.S. 145; *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1089 (9th

6  Cir. 2007).

7  DISCUSSION

8  Facts specific to each of Plaintiff's claims are included in the Court's jurisdictional

9  analysis of each claim. The overarching theme of Plaintiff's claims for refunds is his belief that

10 the IRS mishandled his returns and refund requests by improperly applying an overpayment of

11 taxes in 2015 to penalties assessed against the 2009-2012 tax years, when the IRS had already

12 garnished his earnings three times (between February and March of 2018) to apply to those

13 penalties. The IRS Tax Account Transcript attached to Plaintiff's declaration clarifies that the

14 $23,596 reported for 2015 was initially credited to civil penalties assessed in 2009-2012

15 ($10,849.65 for 2011, $5,420.14 for 2009, $5,420.14 for 2010, and $1,906.07 for 2012).

16 However, this same exhibit shows that these credits were later reversed (-$10,849.65 for 2011, $-

17 5,420.14 for 2010, -$5,420.14 for 2009, and -$1,906.07 for 2011). Dkt. 15-1, Exhibit 13, p. 10.

18 According to the United States, this likely occurred because Plaintiff's 2015 "zero return"

19 showed no tax liability with a large refund owing, which prompted the credits, which were

20 reversed after the return was investigated. Dkt. 17, pp. 4-5. Thereafter, the IRS sent Plaintiff a

21 notice of deficiency for the 2015 tax return and he filed a petition with the U.S. Tax court on

22 January 28, 2019. *See Rische v. Commissioner*, Docket No. 1617-19 (U.S. Tax Court) ("the Tax

23 Court Case").

ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 4

1   As to Plaintiff's garnishment refund claims, IRS records show that it applied the

2   $26,080.74 garnishments to Plaintiff's 2010-2012 tax period (which included multiple § 6702

3   frivolous submission penalties). The IRS applied the $7,779.28 garnishment to Plaintiff's 2009

4   and 2012 tax year (which also included § 6702 frivolous submission penalties). Although

5   mentioned in the facts portion of Plaintiff's complaint, there is no specific count or relief

6   requested as to civil penalties for 2013, 2015, and 2016. In his response, Plaintiff clarifies that he

7   is also seeking a refund of § 6702 penalties for these years.

8   A.   2015 Income Tax Refund Claim

9   In Count I, Plaintiffs seeks a refund of $23,596.00 for the 2015 tax year. Dkt. 15-1, p. 11,

10   Declaration of Jeffrey Alan Rische ("Rische Decl."), Exhibit 1. As previously noted, Plaintiff's

11   income tax return for this year reported $0 in wages, with a claimed refund of $23,596.00

12   (including Medicare and Social Security tax). The IRS initially applied the claimed refund of

13   $23,596.00 to civil penalties assessed for the 2009-2012 tax years, but then reversed the credits

14   and issued a notice of deficiency for the 2015 tax year. In response, Plaintiff filed the Tax Court

15   Case.

16   There are several outstanding questions regarding the 2015 refund request that are not at

17   issue here, *i.e.*, whether Plaintiff submitted his refund request on the proper form and the balance

18   for the 2015 income tax year. In addition, many courts have held that "zero income returns,"

19   such as Plaintiff's 2015 tax return, are not properly executed and therefore do not constitute valid

20   administrative refund requests. *See*, *e.g.*, *Waltner v. United States*, 679 F.3d 1329, 1333 (Fed.

21   Cir. 2012); *Maruska v. United States*, 77 F. Supp. 2d 1035, 1039 (D. Minn. 1999); *See also*, §

22   7422(a) (a taxpayer must file an administrative claim for refund before suing in district court)

23   and 26 C.F.R. § 301.6402-3 (an income tax return is such an administrative claim).

ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 5

1

Assuming for purposes of this motion only, that Plaintiff's 2015 Form 1040 is a valid

2

administrative claim, the Court lacks jurisdiction over the 2015 income tax year because of the

3

pending Tax Court Case:

4

> If the taxpayer files a petition with the Tax Court within the time prescribed in
> section 6213(a) … no credit or refund of income tax for the same taxable year…
> shall be allowed or made and no suit by the taxpayer for the recovery of any part
> of the tax shall be instituted in any court.

5

6

7

26 U.S.C. § 6512(a). There are six exceptions to this prohibition, which do not apply here.[1]

8

Plaintiff alleges that the Tax Court case became moot when the IRS removed the

9

deficiency (based on an audit showing he is due a refund of $27,087.50) but the IRS failed to

10

disclose to the Tax Court that there is no deficiency for 2015. Dkt. 15, p. 11, Rische Decl., ¶ 18.

11

On September 4, 2020, Plaintiff filed a motion for summary judgment in the Tax Court case and

12

that motion is still pending. *Id.*

13

Regardless of the parties' positions as to the balance for the 2015 tax year and Plaintiff's

14

reasons for filing the motion for summary judgment, § 6512(a) prohibits a refund suit when a

15

concurrent Tax Court case on the same tax and for the same year is pending. Because the Tax

16

Court case is pending, The United States' motion to dismiss Plaintiff's refund claim for 2015 is

17

granted as the Court lacks jurisdiction over this claim.

18

B.      Claim for Refund of § 6702 Penalties for 2012, 2013, 2015, and 2016

19

Plaintiff seeks the refund of $26,080.74 and $7,779.28 in IRS garnishments. The United

20

States contends the Court lacks jurisdiction over these tax years because Plaintiff has not fully

21

paid his tax liability for these years. The United States relies on a table depicting the garnished

22

23

---

[1] Section 6512(a)(1)-(2) apply after final Tax Court decisions; § 6512(a)(3) and (5) apply to collections after statutes of limitation expire, and neither apply to the income tax refund that was not the subject of levies; § 6512(a)(4) applies to partnership items, and § 6512(a)(6) applies to overpayments determined by the Tax Court.

ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 6

amounts and relevant Account Transcripts showing how the garnishments were applied. The

Account Transcripts reflect that Plaintiff has fully paid for the 2009, 2010 and 2011 tax years,

but that amounts remain due for the remaining years.

Garnished Amounts

| Civil Tax Period | Payment Date | Amount | | Civil Tax Period | Payment Date | Amount |
|---|---|---|---|---|---|---|
| 2010 | 5/7/2018 | $4,346.79 | | 2009 | 1/22/2019 | $2,018.21 |
| 2010 | 6/4/2018 | $4,346.79 | | 2012 | 1/22/2019 | $4,415.46 |
| 2011 | 2/13/2018 | $4,346.79 | | 2012 | 2/7/2019 | $1,345.61 |
| 2011 | 3/5/2018 | $4,346.79 | | | | |
| 2011 | 4/3/2018 | $4,346.79 | | | | |
| 2009 | 7/3/2018 | $1,753.41 | | | | |
| 2012 | 7/3/2018 | $2,593.38 | | | | |
| **Total** | | **$26,080.74** | | **Total** | | **$7,779.28** |

1.      2009 § 6702 Penalty

The Account Transcript for the 2009 § 6702 penalty is attached as Exhibit A to the

United States' Reply. Dkt. 17-2, Exhibit A. Based on its analysis of the payment history for this

tax year, the United States concedes that the balance for the 2009 tax year is $0 and therefore, the

Court has jurisdiction over the 2009 tax year. Dkt. 17, p. 12.

2.      2010 § 6702 Penalty

The Account Transcript for the 2010 § 6702 penalty is attached as Exhibit B to the

United States' Reply. Dkt. 17-3, Exhibit B. Based on its analysis of the payment history for this

tax year, the United States concedes that the balance for the 2010 tax year is $0 and therefore, the

Court has jurisdiction over the 2010 tax year. Dkt. 17, p. 12.

3.      2011 § 6702 Penalty

The Account Transcript for the 2011 § 6702 penalty is attached as Exhibit C to the

United States' Reply. Dkt. 17-4, Exhibit C. Based on its analysis of the payment history for this

ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 7

1   tax year, the United States concedes that the balance for the 2011 tax year is $0 and therefore, the

2   Court has jurisdiction over the 2011 tax year. Dkt. 17, p. 12.

3          4.       2012, 2013, 2015, and 2016 § 6702 Penalties

4          2012 § 6702 Penalty. The Account Transcript for the 2012 § 6702 penalty is

5   attached as Exhibit D to the United States' Reply. Dkt. 17-5, Exhibit D. After the initial

6   assessment, codes 706 and 701 show a $1,906.07 credit being transferred in from the 2015

7   income tax overpayment, but later reversed. Later a credit of $5,766.35 was transferred in from

8   2017, but that was also reversed. There are levies of $2,593.38 (July 3, 2018), $4,415.46

9   (January 22, 2019), and $1,345.61 (February 7, 2019). Thus, according to these records, all of

10  the levies and other credits and transfers did not fully pay the 2012 balance, which was $252.33

11  as of last month.

12         2013, 2015, and 2016 § 6702 Penalties. The Account Transcripts for the 2013,

13  2015, and 2016 § 6702 penalties are attached as Exhibits E, F, and G to the United States' Reply,

14  Dkt. 17-6, 17-7, 17-8. These records show an initial assessment for a frivolous submission (2016

15  has two assessments), and they all show credits transferred in from 2015 or 2017 income tax

16  overpayments and then the reversal of those credits. Thus, according to these records, all three

17  years have balances remaining of over $5,000.

18         Plaintiff argues that the penalties for some of these years were paid twice, the IRS

19  released liens for some of the years, multiple penalty assessments are a sign of improper

20  excessive fines, and he is not liable for the underlying penalties.

21         As to Plaintiff's claim that some of the years were paid twice, the record before the Court

22  does not support this claim. For example, as to the 2012 tax year, Plaintiff argues that the interest

23  was satisfied with a transfer from the 2015 income tax overpayment. However, as shown by the

ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 8

1  Account Transcript (Exhibit D), the three credit transfers of $3.20, $5.28, and $195.30 (totaling

2  $203.78) of the 2015 overpayment initially applied to the 2012 civil penalty were later reversed.

3      Plaintiff's argument that he is not liable for the underlying penalties is not relevant to a

4  jurisdictional analysis as the law requires a taxpayer to fully pay the contested assessed amounts

5  before a court has jurisdiction to determine liability. *See Flora,* 362 U.S. 145 (1960).

6      Plaintiff's argument that lien releases for these years evidence payment is similarly not

7  relevant to the jurisdictional analysis as "it is well settled that although a certificate of tax lien

8  release is conclusive that the lien is extinguished, it is not conclusive that the tax liability is

9  extinguished." *Boyer v. Comm'r*, 86 T.C.M. (CCH) 615 (T.C. 2003) (citing a series of cases for

10 this principle). IRS regulations state that "[i]n all cases, the liability for the payment of the tax

11 continues until satisfaction of the tax in full or until the expiration of the statutory period for

12 collection[.]" 26 C.F.R. § 301.6325–1(a)(1). Thus, the question is not whether tax liens were

13 released, but whether the 2013, 2015, and 2016 § 6702 penalties were paid.

14     Plaintiff also argues that multiple penalties assessed in the same year constitute an Eighth

15 Amendment violation for excessive fines. However, "multiple section 6702 penalties relating to

16 the same tax year may be assessed if a taxpayer submits multiple frivolous returns relating to

17 such year." *See Waltner v. United States,* No. CV-19-04679-PHX-DGC, 2020 WL 2991611, at

18 *9 (D. Ariz. June 4, 2020); *United States v. Threlkeld*, No. 2:14-CV-22847, 2015 WL 5725830,

19 at *8 (S.D.W. Va. Sept. 30, 2015). Moreover, the issue raised here by Plaintiff goes to the merits

20 of the assessments.

21     Based on the Account Transcripts, the § 6702 penalties for 2012, 2013, 2015, and 2016

22 tax years remain unpaid and Plaintiff has provided no other evidence that they were paid. As

23 there is no explicit waiver of sovereign immunity, the Court lacks jurisdiction over Plaintiff's

ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 9

1   refund claims for the 2012, 2013, 2015, and 2016 § 6702 penalties and the United States' motion

2   to dismiss is granted.

3   C.    Declaratory Judgment

4        Plaintiff seeks a declaratory judgment that he has a right to due process in the collection

5   of taxes and penalties; that the IRS imposed excessive fines in violation of the Eighth

6   Amendment; and that he was denied due process hearings and the right to petition the U.S. Tax

7   Court. Dkt. 1, p. 20.

8        The Declaratory Judgment Act specifically excepts federal tax controversies from federal

9   district courts' jurisdiction. *See* 28 U.S.C. § 2201(a); *see also Bob Jones Univ. v. Simon*, 416

10  U.S. 725, 742 n. 15, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974) ("In addition to repeatedly re-enacting

11  the Anti–Injunction Act, Congress reaffirmed the Act's purpose by adding the federal tax

12  exception to the Declaratory Judgment Act."). With the exception of specific circumstances not

13  implicated by this case, a district court does not have jurisdiction to grant declaratory relief

14  pertaining to federal tax disputes. *See Hutchinson v. United States*, 677 F.2d 1322, 1327–28 (9th

15  Cir.1982). The Anti–Injunction Act ("AIA"), 26 U.S.C. § 7421, provides that, with certain

16  exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be

17  maintained in any court by any person...." 26 U.S.C. § 7421(a); *Hansen v. Dep't of Treasury*, 528

18  F.3d 597, 600 (9th Cir.2007). "The manifest purpose of § 7421(a) is to permit the United States

19  to assess and collect taxes alleged to be due without judicial intervention, and to require that the

20  legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing*

21  *& Nav. Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

22       Plaintiff seeks declaratory relief for tax controversies that are exempted from federal

23  court jurisdiction under the Declaratory Judgment and Anti-Injunction Act. For example,

ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 10

1    Plaintiff alleges he was denied due process when the IRS rejected his request for a Collection

2    Due Process ("CDP") hearing. Section 6330(b)(1) provides that the IRS Office of Appeals will

3    hold a hearing upon request by a taxpayer who has been notified of his right to a due process

4    hearing under § 6330(a), but if the IRS determine that any portion of the request for a hearing

5    qualifies as frivolous under § 6702(b)(2)(A), "then the Secretary may treat such portion as if it

6    were never submitted and such portion shall not be subject to any further administrative or

7    judicial review." Congress defines as frivolous any submission to the IRS that either "reflects a

8    desire to delay or impede the administration of Federal tax laws," §6702(a)(2)(A)(ii) or is based

9    on a position which the Secretary has identified as frivolous in a published list, see §

10   6702(a)(2)(A)(i); § 6702(c).

11          Plaintiff's request for the CDP hearing was received by the IRS on April 4, 2017. On

12   August 7, 2017, the IRS informed Plaintiff by letter that his hearing request raised frivolous

13   issues. Dkt. 17-9, Exhibit H. The Court cannot examine whether that denial complied with §

14   6330, because the Tax Court has exclusive jurisdiction to review such a claim. *See* § 6330(d)

15   (stating that, after any "determination" under § 6330, a taxpayer may petition the Tax Court for

16   review of such determination "and the Tax Court shall have jurisdiction with respect to such

17   matter"); *Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004) (holding that, where a taxpayer

18   asserts a right to a CDP hearing under § 6330 in a case involving income, gift, or estate taxes, the

19   case "must be filed in the Tax Court, and the district court lacks jurisdiction"); *Bowers v.*

20   *Megyesi*, No. 07-1028, 2007 WL 2908939, at *5 (C.D. Ill. Oct. 2, 2007) ("[T]he Tax Court has

21   exclusive jurisdiction over Plaintiff's due process challenge to the collections hearing.").

22          Plaintiff also alleges that his due process rights were violated by the IRS' administrative

23   collection proceedings and that the IRS' multiple assessments violate the Eighth Amendment

ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 11

1  protection against excessive fines. However, IRS collection actions do not violate the Fourth or

2  Fifth Amendment (*see G. M. Leasing Corp. v. United States*, 429 U.S. 338, 352, n.18 (1977)), no

3  special consideration is granted to injunctions sought against tax collection sought on

4  constitutional grounds, and any challenge to an issue not addressed in a CDP hearing should be

5  brought in a refund suit. *Boyd v. Comm'r*, 451 F.3d 8, 11 (1st Cir. 2006); *see also, Church of*

6  *Scientology of California v. United States*, 920 F.2d 1481, 1489 (9th Cir.1990) ("The courts have

7  repeatedly held that the opportunity to sue for a refund is an adequate remedy at law which bars

8  the granting of an injunction.") (citing cases).

9      Plaintiff also argues that there is an exception to the Anti-Injunction Act if there is

10 collection without a proper Notice of Deficiency sent. However, the exception does not apply

11 here. First, 26 U.S.C. § 6703(b) deficiency procedures do not apply to the assessment and

12 collection of § 6702 penalties. As to Plaintiff's 2017 income tax claim, the United States

13 concedes that the Court has jurisdiction. As to Plaintiff's 2015 income tax claim (for which

14 Plaintiff admits he received a Notice of Deficiency (Dkt. 15 p. 10), the exception does not apply

15 as the Court does not have jurisdiction over this claim because of the Tax Court Case.

16     Thus, the proper remedy for Plaintiff was either to proceed in tax court, or to pay the tax

17 and sue for a refund in federal court. 26 U.S.C.A. (I.R.C.1954) §§ 6213, 7421(a). Because

18 Plaintiff's claim for injunctive relief does not fit within any statutory exception to the

19 jurisdictional bar provided in 28 U.S.C. § 2201(a), this Court lacks jurisdiction to grant

20 declaratory relief to Plaintiff.

21                          CONCLUSION

22     The Court lacks jurisdiction over the 2012, 2013, 2015, and 2016 civil penalty refund

23 claims, the 2015 income tax refund claim, and the declaratory relief claim. Therefore, the United

ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 12

1  States' motion to dismiss these claims (Dkt. 14) is **GRANTED** and these claims are dismissed.

2           DATED this 5th day of October, 2020.

3

4           _____
            BRIAN A. TSUCHIDA
5           Chief United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 13