1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY ALAN RISCHE,

             Plaintiff,

   v.

UNITED STATES OF AMERICA,

             Defendant.

CASE NO. 2:20-cv-00033-BAT

**ORDER DENYING MOTION FOR RECONSIDERATION**

12
13
14
15
16
17
18

      On October 5, 2020, the Court granted Defendant United States of America's ("United States") partial motion to dismiss (Dkt. 14). Dkt. 20. The Court held that it lacks jurisdiction over Plaintiff Jeffrey Alan Rische's civil penalty refund claims (for 2012, 2013, 2015, and 2016), income tax refund claim for 2015; and, claim for declaratory relief. *Id*. Plaintiff "concedes the dismissal of Count 1 (2015 income tax refund claim) pending the Tax Court's ruling on his motion for summary judgment and withdraws his request for declaratory relief in Count 5." Dkt. 21, p. 2.

19
20
21

      Plaintiff asks the Court to reconsider its ruling as to his civil penalty refund claim for the 2012 tax year. He contends that the Court misconstrued the Supreme Court's holding in *Flora v. United States*, 362 U.S. 145 (1960). *Id.* The motion is denied.

22

<u>DISCUSSION</u>

23

      Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal

1   authority which could not have been brought to the attention of the court earlier, through

2   reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and

3   that amounts to a complete disregard of the controlling law or the credible evidence in the

4   record." Black's Law Dictionary 622 (9th ed. 2009). "[A] motion for reconsideration should not

5   be granted, absent highly unusual circumstances, unless the district court is presented with newly

6   discovered evidence, committed clear error, or if there is an intervening change in the controlling

7   law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir.

8   2009). A motion for reconsideration should not be used to ask a court to rethink what the court

9   had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909

10  F.Supp. 1342, 1351 (D. Ariz. 1995).

11          Mere disagreement with a previous order is an insufficient basis for reconsideration, and

12  reconsideration may not be based on evidence and legal arguments that could have been

13  presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co*., 363 F.

14  Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to

15  the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima*

16  *Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

17          Plaintiff argues that the Court's "order appears to hold that, after full payment of an

18  assessment, the IRS can defeat a refund action simply by tacking onto that assessment more

19  interest." Dkt. 21, p. 3. Plaintiff contends that this is an erroneous interpretation of *Flora v.*

20  *United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Plaintiff argues that the

21  penalty assessment for 2012 was fully paid on February 7, 2019 before the IRS assessed

22  additional interest for late payment on April 1, 2019. Dkt. 21, p. 2-3. However, in his opposition

23  to the motion to dismiss, Plaintiff argued that the additional interest at issue was satisfied when

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

the amount of $203.78 was applied from his 2015 "overpayment". Dkt. 5-1, Declaration of Jeffrey Alan Rische, Ex. 9. However, the records submitted by Plaintiff reflects that, while the IRS initially applied $203.78 of the 2015 overpayment to the 2012 civil penalty, the overpayment was reversed (as with all the 2015 credits). *See also* Dkt. 17, Ex. D (showing code 706 three credit transfers of $3.20, $5.28, and $195.30, totaling $203.78).

The Supreme Court has interpreted § 1346(a)(1) as requiring full payment of the assessed tax *or penalty* before an income tax refund suit can be maintained. *Flora*, 362 U.S. at 177, 80 S.Ct. 630 (emphasis added). *See also Boynton v. United States*, 566 F.2d 50, 52 (9th Cir.1977) ("It has long been established that partial payment of assessed taxes or a proposed deficiency is insufficient to support jurisdiction in the [d]istrict [c]ourt of a refund suit under 28 U.S.C. § 1346.").

Because Plaintiff has not shown manifest error or new facts or legal authority, the motion for reconsideration (Dkt. 21) is **DENIED**.

DATED this 23rd day of October, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION FOR
RECONSIDERATION - 3